**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEVEN K. CASTELLO, | No. 12-35027 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01457-MJP |
| v. | |
| CITY OF SEATTLE, a municipal corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted May 9, 2013
Seattle, Washington

Before: THOMAS and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.[**]

Steven K. Castello appeals the district court's grant of summary judgment in

favor of the City of Seattle and the Seattle Fire Department on his claims for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

retaliation against the exercise of his right to free speech under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Assuming without deciding that Castello's speech was on a matter of public concern, defendants have met their burden under *Pickering v. Board of Education*, 391 U.S. 563 (1968), to show that their legitimate administrative interests outweighed Castello's interest in this particular speech. Defendants have a legitimate interest in running the fire department efficiently without disruption or interference. *See Arnett v. Kennedy*, 416 U.S. 134, 168 (1974) ("[T]he Government, as an employer, must have wide discretion and control over the management of its personnel and internal affairs. This includes the prerogative to remove employees whose conduct hinders efficient operation and to do so with dispatch."). Their assessment that Castello's survey caused disruption or, at a minimum, was potentially disruptive was reasonable, given the complaints they received from two of Castello's co-workers, both of whom had also complained just prior to the survey that one of them was being targeted by Castello.[1] "When close working relationships are essential to fulfilling public responsibilities, a wide

---

[1] We do not consider defendants' argument, raised for the first time on appeal, that Castello's conduct was motivated by personal animosity. We therefore grant defendants' motion to strike the appendix attached to the reply brief because it was not a part of the record before the district court.

2

degree of deference to the employer's judgment is appropriate. Furthermore, we do not see the necessity for an employer to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action." *Connick v. Myers*, 461 U.S. 138, 151–52 (1983); *see also Waters v. Churchill*, 511 U.S. 661, 673 (1994) ("[Courts] have given substantial weight to government employers' reasonable predictions of disruption."); *Moran v. Washington*, 147 F.3d 839, 846 (9th Cir. 1998) ("[C]ourts should not require government employers to demonstrate that an employee's speech *actually* disrupted efficient office operation; rather, 'reasonable predictions of disruption' are sufficient." (quoting *Waters*, 511 U.S. at 673)).

Viewing the totality of the circumstances, defendants have demonstrated under *Pickering*'s balancing test that their "interest in the effective and efficient fulfillment of [their] responsibilities to the public" outweigh Castello's speech. *Connick*, 461 U.S. at 150. Accordingly, we find that the district court did not err in granting defendants summary judgment.

For the same reasons, the district court did not abuse its discretion in denying Castello's motion for reconsideration.

**AFFIRMED.**

3